BLD-173                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1390
_____

DR. CHANDAN S. VORA,
                              Appellant

v.

CONSPIRATORS; CODE DEPARTMENT HEAD MR. SHOMO
OF CITY OF JOHNSTOWN; PERMIT OFFICERS

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00314)
District Judge:  Honorable Gustave Diamond

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2011

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 23, 2011)
_____

OPINION
_____

PER CURIAM

        Dr. Chandan S. Vora appeals from an order of the United States District Court for

the Western District of Pennsylvania denying her motion for reconsideration.

In December 2010, Dr. Vora filed a complaint against the Appellees, alleging a conspiracy to violate her civil rights by falsely condemning her home, not allowing her to enter her home, and imprisoning her in order to deprive her of meaningful access to the courts. She sought injunctive relief. The District Court granted Dr. Vora in forma pauperis status and dismissed the complaint for lack of jurisdiction. Although the court did not cite 28 U.S.C. § 1915(e)(2)(B), the court also dismissed the complaint "as otherwise frivolous" under that statutory provision because the complaint "fails to state a claim upon which relief can be granted." Vora v. Conspirators et al, D. Ct. Civ. A. No. 10-00314 (W.D. Pa. Jan. 3, 2011). On January 10, 2011, the District Court treated Dr. Vora's motions for a stay order and to grant her entry in her condemned home as a motion for reconsideration of its January 3, 2011 order and denied the motion.

On January 10, 2011, Dr. Vora filed motions to enter her condemned home, to vacate the District Court's order dated January 10, 2011, and for reproduction of her medical records. On January 19, 2011, the District Court treated the motions as a consolidated motion for reconsideration of its January 10, 2011 order, and denied it for the same reasons set forth in its orders dated January 3 and January 10, 2011. This timely appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Upon de novo review of the record and careful consideration of Dr. Vora's notice of appeal and other submissions, we conclude that there is no substantial question presented on appeal and that summary action is warranted. See LAR 27.4 and I.O.P. 10.6. The District Court properly denied the motion for reconsideration. See Max's Seafood Café ex rel. Lou-

2

Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (abuse of discretion standard of review).  In her notice of appeal and her response to the notice of possible summary action, Dr. Vora repeated the allegations made in her original complaint, including that the Appellees had created a fire in her home in an effort "to make Vora clean the place without use of heat, other than a shovel, which Vora cannot use at all in her neurologic condition, . . . ."  Notice of appeal, at 1; see also Summary Action Response at 1.  She also reiterated that their attempts to defraud her (including mail and wire fraud, and RICO and civil rights law) constitute a conspiracy to deny her of meaningful access to the courts.  See Notice of Appeal at 1.  She failed, however, to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café, 176 F.3d at 677.

Accordingly, we will affirm the District Court judgment.  Dr. Vora's motions for injunctive relief and for a stay of this appeal are denied.